UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ONORIA VERAS, TAWANA LAWTON, KADIAN
GORDON-MULET, MARIBEL ALMONTE and
ALEKSANDRA BARSUK, on behalf of themselves
and all other persons similarly situated,

                            Plaintiffs,                                  **COMPLAINT**

   -against-

VILLAGE CARE OF NEW YORK, INC.,

                            Defendant.
------------------------------------------------------------------------X

Plaintiffs, Onoria Veras, Tawana Lawton, Kadian Gordon-Mulet, Maribel Almonte and Aleksandra Barsuk ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, Village Care of New York, Inc. ("Defendant"), allege as follows:

## NATURE OF THE ACTION

1. Defendant is a not-for-profit health maintenance organization that contracts with state and local governments to provide managed care to Medicare-eligible New Yorkers.

2. Defendant has employed Plaintiffs and similarly situated persons to enroll individuals in Medicare insurance programs.

3. Plaintiffs and similarly situated persons work long hours trying to meet aggressive quotas that Defendant imposes on them.

4. Plaintiffs and similarly situated persons work all day long and well into the night, as well as on weekends, reviewing and responding to emails, making and receiving telephone calls, reviewing Medicare enrollment applications to ensure that they are complete, collecting documents from enrollees, updating reports and submitting paperwork.

1

5.  Defendant has failed to pay Plaintiffs and other similarly situated persons premium overtime wages for hours worked in excess of 40 hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

6.  Plaintiffs bring this action against Defendant to recover unpaid wages on behalf of themselves and similarly situated individuals under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES

10. At all times relevant to the complaint, Plaintiff, Onoria Veras, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

11. At all times relevant to the complaint, Plaintiff, Tawana Lawton, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

12. At all times relevant to the complaint, Plaintiff, Kadian Gordon-Mulet, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

13. At all times relevant to the complaint, Plaintiff, Maribel Almonte, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

14. At all times relevant to the complaint, Plaintiff, Aleksandra Barsuk, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

15. Defendant was and still is a domestic not-for-profit corporation organized and existing pursuant to the laws of the State of New York.

16. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

17. At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

## FACTS

18. Plaintiffs have been employed by Defendant in the role of Medicare Benefit Advisor. The primary job duty of the Medicare Benefit Advisor is to identify individuals to enroll in Defendant's Medicare program and assist them in filling out and submitting enrollment applications. The tasks that the Medicare Benefit Advisor perform include, but are not limited to, contacting enrollees to schedule appointments; providing information to enrollees regarding

Defendant's Medicare program and eligibility; recording enrollees' contact information, Medicare status and Medicaid status; determining whether enrollees require home care; identifying enrollees' health care providers and determining whether they are in network; reviewing enrollees' prescription medications; collecting documents from enrollees to submit with their application; reviewing and submitting completed applications for enrollees; communicating via email with Village Care's quality control manager and nurse; answering telephone calls from potential external members; preparing Conflict-Free Evaluation and Enrollment Center (CFEEC) forms to submit to the State of New York; and preparing reports for Defendant.

19.     Plaintiffs' job duties do not include transferring goods or other property to any individual, entering into sales contracts, obtaining orders or contracts for which any consideration was paid, or making the ultimate decision as to whether enrollees would be accepted into Defendant's Medicare program.

20.     Plaintiff, Onoria Veras, was employed by the Defendant as a Medicare Benefit Advisor from in or about January 2018 until in or about February 2019.

21.     Plaintiff, Onoria Veras, regularly worked more than 40 hours per workweek. Plaintiff regularly worked 7 days per workweek.  Plaintiff regularly worked at Defendant's office Monday through Friday from 7:30 a.m. until as late as 9:00 p.m.  Plaintiff regularly worked at her home office on Saturday and Sunday from 9:00 a.m. to 5.:00 p.m.

22.     Defendant was aware that Plaintiff, Onoria Veras, worked more than 40 hours per workweek because Defendant communicated with Plaintiff via email after regular business hours well into the evening and scheduled Plaintiff to work weekends, but failed to pay Plaintiff premium overtime pay for hours that she worked in excess of 40 hours in a workweek.

23. Plaintiff, Tawana Lawton, was employed by the Defendant as a Medicare Benefit Advisor from in or about October 2018 until in or about October 2019.

24. Plaintiff, Tawana Lawton, worked more than 40 hours per workweek. Plaintiff, worked from her home office Monday to Friday. She regularly began work each workday at 9:00 a.m. The time that Plaintiff stopped work each workday ranged between 7:00 p.m. and 9:00 p.m. In addition, Plaintiff worked Saturday assisting enrollees to complete their applications for Medicare.

25. Defendant was aware that Plaintiff, Tawana Lawton, worked more than 40 hours per workweek because Defendant communicated with Plaintiff via email after regular business hours well into the evening and scheduled Plaintiff to work weekends, but failed to pay Plaintiff premium overtime pay for hours that she worked in excess of 40 hours in a workweek.

26. Plaintiff, Kadian Gordon-Mulet, was employed by the Defendant as a Medicare Benefit Advisor from in or about May 2018 until in or about August 2020.

27. Plaintiff, Kadian Gordon-Mulet, regularly worked more than 40 hours in a workweek. During the period March 2020 to August 2020, Plaintiff regularly worked at her home office Monday to Friday from 9:00 a.m. until after 5:00 p.m. conducting telephone enrollments and every other Saturday from either 10 a.m. to 4:00 p.m. or 12 p.m. to 4:00 p.m.

28. Defendant was aware that Plaintiff, Kadian Gordon-Mulet, worked more than 40 hours per workweek because Defendant communicated with Plaintiff via email after regular business hours well into the evening and scheduled Plaintiff to work weekends, but failed to pay Plaintiff premium overtime pay for hours that she worked in excess of 40 hours in a workweek.

29. Plaintiff, Maribel Almonte, was employed by the Defendant as a Medicare Benefit Advisor from in or about October 2020 until in or about July 2021.

30. Plaintiff, Maribel Almonte, regularly worked more than 40 hours in a workweek. During the period October 2020 until in or about January 2021, Plaintiff regularly worked at her home office Monday to Friday from 9:00 a.m. until 7:00 p.m. or 8:00 p.m. From April 2021 to July 2021, Plaintiff also worked one Saturday per month from 9:00 a.m. to 3:00 p.m. or 4:00 pm.

31. Defendant was aware that Plaintiff, Maribel Almonte, worked more than 40 hours per workweek because Defendant communicated with Plaintiff via email after regular business hours well into the evening and scheduled Plaintiff to work Saturday, but failed to pay Plaintiff premium overtime pay for hours that she worked in excess of 40 hours in a workweek.

32. Plaintiff, Aleksandra Barsuk, was employed by the Defendant as a Medicare Benefit Advisor from in or about August 2018 until in or about September 2021.

33. Plaintiff, Aleksandra Barsuk, regularly worked more than 40 hours in a workweek. During the period August 2018 to March 2020, Plaintiff regularly worked at the Village Care office Monday to Friday from 9:00 a.m. until 5:00 p.m. and at her home office each Saturday.

34. Defendant was aware that Plaintiff, Aleksandra Barsuk, worked more than 40 hours per workweek because Defendant communicated with Plaintiff via email after regular business hours well into the evening and scheduled Plaintiff to work weekends, but failed to pay Plaintiff premium overtime pay for hours that she worked in excess of 40 hours in a workweek.

35. Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by Plaintiffs.

36. Defendant failed to provide Plaintiffs with a notice and acknowledgement of their wage rates upon their hire as required by Labor Law § 195(1).

37. Defendant failed to furnish Plaintiffs with accurate wage statements each pay period as required by Labor Law § 195(3).

38. Defendant failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

39. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

40. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendant's current and former employees' interests as well as their own interest in in bringing this action.

41. Plaintiffs seek to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendant as a Medicare Benefit Advisor at any time during the three (3) years prior to the filing of their respective consent forms.

42. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

43. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendant.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

44. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

45. Defendant employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

46. Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional.

47. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of Defendant's unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: UNPAID OVERTIME WAGES

49. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

50. Defendant employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

51. By Defendant's failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendant willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

52. Due to Defendant's violations of the New York Labor Law, Defendant is liable to Plaintiffs for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(1)

53. Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendant failed to provide Plaintiffs with written notice setting forth their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

55. Due to defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law upon hire, Plaintiff is entitled to statutory damages.

9

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

56. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

57. Defendant failed to provide Plaintiffs with an accurate statement of their wages each pay period as required by Section 195 of the Labor Law.

58. Due to Defendant's failure to provide Plaintiffs with an accurate statement of their wages each pay period, Plaintiffs are entitled to statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.) Unpaid wages pursuant to New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv.) Damages pursuant to New York State Labor Law § 198;

(v.) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       October 1, 2021

                            LAW OFFICE OF PETER A. ROMERO PLLC

                            */s/ Peter A. Romero, Esq.*
       By:       _____
                            Peter A. Romero, Esq.
                            490 Wheeler Road, Suite 250
                            Hauppauge, New York 11788
                            (631) 257-5588
                            Promero@RomeroLawNY.com

                            *Attorney for Plaintiffs*

## CONSENT TO SUE

I hereby authorize the filing and prosecution of claims in my name and on my behalf against Village Care to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.

_____   _____9/15/21_____
Onoria Veras                                         Date

**CONSENT TO SUE**

I hereby authorize the filing and prosecution of claims in my name and on my behalf against Village Care to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.

_____        _7.30.2024_____
Tawana Lawton                                    Date

**CONSENT TO SUE**

      I hereby authorize the filing and prosecution of claims in my name and on my behalf against Village Care to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.

_____      09/14/2021
Kadian Gordon-Mulet                           Date

**CONSENT TO SUE**

      I hereby authorize the filing and prosecution of claims in my name and on my behalf against Village Care to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.

_____      _____
Maribel Almonte                                     Date

## CONSENT TO SUE

I hereby authorize the filing and prosecution of claims in my name and on my behalf against Village Care to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.

_____          _____
Aleksandra Barsuk                                                Date